MATTHEW BOWEN, assignee for benefit of the creditors of Bertrand L. Clark and John Z. Demarest, partners &c., appellant,

*v.*

THE LINCOLN BUILDING AND LOAN ASSOCIATION OF JERSEY CITY, respondent.

1. A corporation organized under the Building and Loan Association act (*Rev. p. 92; Rev. Sup. p. 69*) may lawfully charge one of its members a premium for a loan made to him.

2. If the borrowing member agrees that the premium shall be deducted from the sum loaned and the balance only be paid to him in cash, and that he will pay interest on the whole sum loaned, such agreement is valid.

3. Fines imposed by the association upon its members for defaults in payment of dues and interest, cannot be collected by foreclosure of the mortgage given to secure payment of a sum borrowed or of dues and interest, unless the parties have agreed that the fines may be so collected.

4. If the constitution and by-laws of the association provide for imposing fines on defaulting members as personal obligations only, then the fact that the constitution and by-laws are referred to in the bond or mortgage as being made part of it, will not be sufficient to render the mortgage a security for payment of fines.

On appeal from a decree advised by Vice-Chancellor Van Fleet, in *Lincoln Building and Loan Association* v. *Clark et al.,* who delivered the following statement of his conclusions:

That part of the contract which must be considered in deciding the questions raised in this case is expressed substantially in these words: The obligors shall well and truly pay to the complainant $8,000 in the manner following: By the payment of dues of twenty-five cents per week, on the first and third Tuesdays of each month, on each of the forty shares of the fifth series of the capital stock of the association owned by the obligors, * * * during the period of this loan, together with interest on $8,000, to be computed from the date hereof, at the rate of six per centum per annum, payable as follows: At the expiration of three months from the date hereof on the whole

principal sum, and at the expiration of each succeeding three months, on the amount of the principal found to be due at the beginning thereof, after deducting all previous payments made on account of the principal, being the amount of dues paid on the forty shares during said three months, as provided for by the constitution and by-laws of the association, which have been duly assented to by the obligors, and made a part hereof.

My conclusions on the questions raised are—

1. The complainant has a right to collect reasonable fines for non-payment of dues.   *Clarksville Loan Association* v. *Stephens,* *11 C. E. Gr. 351.*   I doubt whether the fine originally imposed was reasonable, but complainant has reduced it one-half.   Such reduction I think makes it reasonable.

2. The complainant has a right to recover fines for the non-payment of dues as part of the debt secured by its mortgage. The constitution and by-laws of the association are, by express words, made a part of the contract, so that the rights and obligations of the parties, in this respect, stand, in point of law, precisely as they would have stood if that part of the constitution, giving power to impose fines, had been incorporated in the bond. The bond in *Union Building Loan Association* v. *Masonic Hall,* *2 Stew. Eq. 389, 391,* provided that the obligor should pay interest, "together with all fines that may have been incurred under the provisions of the constitution," and Chancellor Runyon held that the fines constituted a part of the debt secured by the mortgage.   As in this case the constitution is made a part of the contract, the bond must be read as though it contained an express provision that fines imposed for the non-payment of dues should be considered a part of the mortgagor's debt.

3. The case just cited decides that fines incurred subsequently to the commencement of the suit to foreclose are recoverable. That decision is, in my judgment, clearly right, and it will be followed in this case.

1. I am unable to see how that provision of the constitution which confers power to impose a fine for non-payment of interest can be enforced in this case.   This provision first declares that a shareholder, for neglecting to pay his weekly dues as they be-

18

come payable, shall, for each such neglect, pay a fine of five cents on each share of stock held by him, and then adds, " *and a like sum on interest due on each share borrowed on.*" The important words are " on interest due on each share." Under the contract no interest could become due on each share or on the money loaned on each share. The obligors made no contract to pay interest on several distinct loans or to pay interest on the specific sum loaned on each share of stock they held; on the contrary, their obligation, as expressed on their bond, is to pay interest, every three months, first, on the whole sum of $8,000, and then, subsequently, on such part thereof as shall not have been paid by the payment of the dues on their stock. A fine can only be imposed for a default in duty or obligation. As I understand the terms of the bond in this case, no default in the payment of interest, of the kind contemplated by the constitution, can occur under this bond. The fines for non-payment of interest sought to be recovered in this case must be disallowed, for the reason that, under a contract like that which the obligors have made, no power to impose fines for non-payment of interest is conferred by the constitution.

5. The obligors in this case bid off a loan of $8,000 at a premium of $1,000. The complainant subsequently advanced $7,000 and took a mortgage for $8,000. Transacting the business in this way, it is claimed, made the mortgage usurious to the extent of $1,000, or at least that no interest is recoverable on the $1,000 agreed to be as premium. I understand the law of this state to be firmly settled the other way. The statute expressly authorizes all corporations like the complainant to take a premium for priority of loan, and declares that no premium so taken shall be deemed to be usurious. *Sup. Rev., tit. " Building and Loan Associations," § 3, 70.* In *Mechanics' Loan Association* v. *Conover, 1 McCart. 219,* it appeared that a loan of $2,000 was sold for a premium of ten per centum, $1,800 was advanced in cash and a mortgage given for $2,000. Chancellor Green held the transaction to be valid and gave the complainant a decree for $2,000, with all the arrearages of interest. This case, on this point, was approved on appeal by the court of errors and appeals, in *Herbert* v. *Mechanics' Loan Association, 2 C. E.*

Bowen *v.* Lincoln Building and Loan Association.

*Gr. 497, 504,* and was followed by this court in *People's Loan Association* v. *Furey, 2 Dick. Ch. Rep. 410.* Mortgages given for the premium, as well as the money actually advanced, were held to be valid by Chancellor Williamson, in *Savings Association* v. *Vandervere, 3 Stock. 382,* and by Chancellor Runyon, in *Freehold Loan Association* v. *Brown, 2 Stew. Eq. 121.* These cases settle the question attempted to be raised, finally, so far as this court is concerned. The $1,000 agreed to be paid as a premium constitutes a part of the debt secured by the complainant's mortgage and carries interest from the date of the mortgage.

. 6. The remaining question is, is the complainant entitled to recover interest on such part of the money secured by the mortgage as was not passed over to the mortgagors at or before the delivery of the mortgage, and as was not retained by the mortgagee in hand idle. To illustrate: The mortgage was delivered September 3d, 1891; $1,015 of the $8,000 was not passed over to the mortgagors until January 5th, 1892, more than four months after the delivery of the mortgage; in the meantime the $1,015 was not in the treasury of the complainant nor anywhere else. As between the parties during this interval it had no existence. Neither had it. I know of no principle of law or of justice which will allow interest to be recovered under such a state of facts. To allow it to be recovered we would have to treat a thing as a fact which we knew to be a fiction and not a fact. On the $7,000 interest will only be allowed from the time it was actually passed over.

## STATEMENT OF CASE.

The bill in this case was filed to foreclose a mortgage on lands in Jersey City, securing a bond, of which, with an assignment of stock endorsed thereon, the following is a copy:

*"Know all men by these presents :.*

"That we, Bertrand L. Clark, of Jersey City, County of Hudson and State of New Jersey, and John Z. Demarest, of Closter, County of Bergen, State of. New Jersey, are held and firmly bound unto The Lincoln Building and Loan Association of Jersey City, a body corporate of the State of New Jersey, in the sum of sixteen thousand dollars ($16,000.00), lawful money of the United States of America, to be paid to the said association, its successors or assigns;

Bowen *v.* Lincoln Building and Loan Association.

for which payment well and truly to be made we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals, dated the fourth day of August, one thousand eight hundred and ninety-one.

"*The Condition* of the above obligation is such that if the above bounden, Bertrand L. Clark and John Z. Demarest, their heirs, executors or administrators, shall well and truly pay or cause to be paid, unto the above named association, its successors or assigns, the just and full sum of eight thousand dollars ($8,000.00), in the manner following, viz.: By the payment of dues of twenty-five (25) cents per week, on the first and third Tuesday of each month, on each of the forty (40) shares of the fifth series of the capital stock of said association, owned by said Clark and Demarest and standing in their names on the books of said association, and assigned to it as collateral security for the payment hereof, and on which this loan is based, during the period of this loan, together with interest on said sum of eight thousand dollars ($8,000.00), to be computed from the date hereof, at the rate of six per cent. per annum, and payable as follows: At the expiration of three months from the date hereof, on the whole principal sum aforesaid, and at the expiration of each succeeding three months, on the amount of said principal found to be due at the beginning thereof, after deducting all previous payments made on account of said principal, being the amount of dues paid on said forty (40) shares during said three months, as provided for by the constitution and by-laws of said association, which have been duly assented to by said obligors and made a part hereof, without any fraud or other delay, then the above obligation to be void, otherwise to remain in full force and virtue.

"*Provided, however,* that when the funds of said association of said fifth series shall equal two hundred dollars per share over and above all liabilities of the association, no further payments shall be required hereon except arrearages, if any, and thereupon a proper satisfaction piece for the cancellation hereof and of the mortgage given to secure this bond shall be duly executed and delivered to said obligors, their heirs, executors, administrators or assigns, and said forty (40) shares shall thereupon also be cancelled.

"*And it is hereby expressly agreed,* that should any default be made in the payment of said interest or any of said dues or installments on said shares, or of any part thereof, on any day whereon the same is made payable, as above expressed, or should any tax, assessment, water rent, or other municipal or governmental rate, charge, imposition or lien be hereafter imposed or acquired upon the premises described in the mortgage accompanying this bond, and become due and payable; and should the said interest or any of said dues or installments on said shares remain unpaid and in arrear for the space of six (6) months, or said tax, assessment, water rent, or other municipal or governmental rate, charge, imposition or lien, or any or either of them, remain unpaid and in arrear for the space of three months, or should the said obligors refuse or neglect for ten (10) days after demand to produce and exhibit to the obligee the vouchers showing the payments of such tax, assessment, water rent or other lien due and payable, then and from thenceforth, that is to say, after the lapse or expiration of either of the said periods, as the case may be,

Bowen *v.* Lincoln Building and Loan Association.

the aforesaid principal sum of eight thousand dollars ($8,000.00), or the balance thereof remaining unpaid with all arrearage of interest thereon, shall at the option of the said association or its legal representatives, become and be due and payable immediately thereafter, although the period first above limited for the payment thereof may not then have expired, anything hereinbefore contained to the contrary thereof in any wise notwithstanding.

"BERTRAND L. CLARK.    [L. S.]
"JOHN Z. DEMAREST.    [L. S.]

"Sealed and delivered in presence of
"WILLIAM C. CUDLIPP.

"*For value received,* we Bertrand L. Clark and John Z. Demarest, the within named obligors, do hereby assign, transfer and set over unto The Lincoln Building and Loan Association of Jersey City, the forty (40) shares of the fifth series of stock, held by us in said association, *as collateral security for the payment of the debt mentioned in the within bond.* And in case of default in payment of the dues, interest, cost of insurance or taxes upon premises mortgaged to the association, or fines for non-payment of same, we hereby authorize said association to make sale of said forty shares of stock at auction, at any general meeting thereafter, and in our names to make *and execute a transfer of said forty shares of stock to the purchaser of same, applying the proceeds of said sale to payment of said loan.*

"And further, we do hereby elect to treat all past and future payments of dues on said stock as credits on the within bond and mortgage accompanying the same, and authorize and direct the officers of said association to so appropriate and credit the same.

"Witness our hands and seals this fourth day of August, A. D. 1891.

"BERTRAND L. CLARK.    [L. S.]
"JOHN Z. DEMAREST.    [L. S.]

"Sealed and delivered in the presence of
"WILLIAM C. CUDLIPP."

"CERTIFICATE OF STOCK.

"LINCOLN BUILDING AND LOAN ASSOCIATION OF JERSEY CITY.

"Bertrand L. Clark and John Z. Demarest are entitled to forty shares of the fifth series of capital stock of The Lincoln Building and Loan Association of Jersey City.

"The par value of which is two hundred dollars, subject to the by-laws and constitution of the association.    Not transferable except on the books of the association.

"THOS. R. LEWIS, *Secretary.*

"ARCH. MCARTHUR, *Vice-President.*"

The complainant is a corporation organized under "An act to encourage the establishment of mutual loan, homestead and

building associations," approved April 9th, 1875. *Rev. p. 92.* The eighth section of this act, as amended February 29th, 1876 (*Rev. Sup. p. 69*), provides for investing the funds of such association in loans to the members, and declares that no premium given for priority of loan shall be deemed to be usurious.

The case shows that Clark & Demarest, the obligors in above bond, were members of the association, holding forty shares of stock therein, and that on August 4th, 1891, they agreed to borrow of the association $8,000, and to pay for obtaining such loan in advance of other members a premium of $1,000. In pursuance of such agreement, the association paid to Clark & Demarest $7,000 in cash, and they gave to the association the bond and the assignment of stock above set out and the mortgage in question. Subsequently they failed to pay the dues and interest required by the condition of the bond, and after they had been in default for six months this suit was brought for the recovery of the balance of the $8,000 and interest, and of fines imposed by the association under its constitution and by-laws for non-payment of dues and interest.

The appellant, Bowen, is the assignee of Clark & Demarest under the Insolvent Debtors act.

*Mr. James R. Bowen,* for the appellant.

*Mr. William C. Cudlipp,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

The first objection made by the appellant to the decree below is that interest was allowed to the complainant on the sum of $8,000, the appellant insisting that, as only $7,000 were advanced in cash, interest should be reckoned only on that principal.

The answer to this contention is that, in effect, the sum of $8,000 was paid to the obligors, and their contract calls for interest on that sum. Their agreement with the association was to borrow $8,000 and to pay therefor a premium of $1,000. By force of the statute the agreement to pay a premium was made

legal. *Franklin Building Association* v. *Marsh, 5 Dutch. 225;* *Freehold Mutual Loan Association* v. *Brown, 2 Stew. Eq. 121.* If, in exact performance of its agreement, the association had paid $8,000 to the obligors and had received therefor the present bond, no question could have been raised as to the propriety of the stipulation for interest on the $8,000; but the obligors would, besides, have owed the association the premium of $1,000, and this debt they must at once have discharged by paying that sum to the association. Such a payment would not have affected the obligations of their bond, and would have left only $7,000 in their hands. The payment by the association of $7,000 cash, and its release of the borrowers from the duty of paying the premium, were an equivalent for the exact performance of their mutual obligations, and the validity of the stipulation in the bond for payment of interest on the $8,000 is not impaired by such a change in the mere form of the transaction. *Mechanics' Building and Loan Association* v. *Conover, 1 McCart. 219; S. C. on appeal, 2 C. E. Gr. 497, 504.*

Counsel for the appellant refers us to cases in other jurisdictions, where it has been held that what is described as interest upon the premium cannot be collected. But we think it clear that when the statute gives the parties a right to agree upon a premium for a loan without restriction, they have a right to agree that the premium shall consist of a sum payable presently out of the amount loaned, or of a sum payable in the future, with interest meanwhile, or without interest, and that it is for the courts simply to give effect to their agreement. In the case now before us the cotemporaneous acts of the parties prove that the premium agreed upon was the difference between $7,000, advanced at once by the association, and the sums due from the obligors under their bond. That premium can be secured to the association only by enforcing the bond according to its terms.

This objection cannot prevail.

The next objection is to the allowance of fines as a part of the mortgage debt.

It is not necessary for us to consider whether the association can lawfully impose fines upon its members for non-payment of

dues or interest.    Assuming that it may, we are to decide whether such fines constitute part of the debt secured by the mortgage, and that must be determined by the agreement of the parties.

On recurring to the bond it will be seen that it provides for the payment of only dues and interest, or, in default thereof, of principal and interest.    Similarly the assignment of stock was made "as collateral security for the payment of the debt mentioned in the bond," and required the proceeds of sale to be applied to the "payment of said loan."    And, although this assignment made the non-payment of fines one of the grounds for selling the stock, it pledged the stock only for the purpose above stated.    It is plain that neither of these instruments provides for the payment of fines in express terms.

But it is claimed that such a provision is implied in that clause of the bond which refers to the constitution and by-laws of the association as being assented to by the obligors and made part of the bond.    A like clause appears in the mortgage.

If the constitution and by-laws declared that fines should be collected out of the proceeds of sale of property pledged to secure a loan made to the member in default, then, perhaps, this clause would justify the decree now before us.    But they do not. The first section under the title "Fines" merely provides that shareholders shall pay fines for defaults.    The second section under the title "Transfer" declares that no share shall be transferred until the transferee shall have assumed all the obligations of the original shareholder.    If this includes fines previously imposed it shows that they are not to be paid out of the proceeds of sale of stock but are to remain as merely personal debts of the shareholder.    There can be found in the constitution and by-laws nothing evincing an intention to make fines a lien either on stock or on property mortgaged for loans.    This reference in the bond and mortgage to the constitution and by-laws, when read with its context, can be fairly interpreted only as applying to the mode in which the principal of the bond is to be satisfied by the payment of dues.    Such is its apparent meaning, and it cannot be extended further by construction without holding that

it embraces every possible duty of the obligors as members of the association. So broad a construction is unwarranted.

We think there is nothing in the contract under which the payment of fines can be enforced in the present suit. In this respect the case resembles *Clarksville Building and Loan Association* v. *Stephens, 11 C. E. Gr. 351, 354.*

The decree below should be modified by eliminating from it the amount allowed for fines.

*For reversal*—ABBETT, DEPUE, DIXON, GARRISON, LIPPIN-COTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEM-ENT, PHELPS, SMITH—13.

*For affirmance*—None.